IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JADE MCCLEAN, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMIE DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 6:11-cv-03037-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| HEALTH SYSTEMS, INC., | ) | |
| FORSYTH MANOR, INC., | ) | |
| CURRENT RIVER NURSING CENTER, INC., | ) | |
| FAIRFIELD NURSING & REHAB, INC., | ) | |
| N & R OF ADVANCE, | ) | |
| N & R OF CALIFORNIA, | ) | |
| N & R OF CHILLICOTHE, INC., | ) | |
| N & R OF DEXTER, INC., | ) | |
| N & R OF EAST PRAIRIE, INC., | ) | |
| N & R OF ELDON, INC., | ) | |
| N & R OF FAYETTE, INC., | ) | |
| N & R OF FREDERICKTOWN, INC., | ) | |
| N & R OF FULTON, INC. | ) | |
| N & R OF GALLATIN, INC., | ) | |
| N & R OF GERALD, INC., | ) | |
| N & R OF GREENVILLE, INC., | ) | |
| N & R OF JONESBURG, INC., | ) | |
| N & R OF MINER, INC., | ) | |
| N & R OF MONTICELLO, INC., | ) | |
| N & R OF OAK GROVE, LLC., | ) | |
| N & R OF PLATTE CITY, INC., | ) | |
| N & R OF SENATH NORTH, INC., | ) | |
| N & R OF SEYMOUR, INC., | ) | |
| N & R OF SIKESTON AT CLEARVIEW, INC., | ) | |
| N & R OF SIKESTON HEALTH CARE, INC., | ) | |
| N & R OF SILEX, INC., | ) | |
| N & R OF SWEET SPRINGS, INC., | ) | |
| VIENNA NURSING & REHAB, LLC, | ) | |
| BUTLER NURSING & REHAB, LLC, | ) | |
| COUTNRY MEADOWS NURSING | ) | |
| & REHAB, LLC., | ) | |

| | |
|---|---|
| EXCELSIOR SPRINGS NURSING | ) |
|     & REHAB, LLC., | ) |
| N & R OF COLUMBIA, LLC, | ) |
| N & R OF GREENE HAVEN, LLC., | ) |
| N & R OF REPUBLIC, LLC., | ) |
| N & R OF SOUTHWEST MISSOURI, LLC., | ) |
| N & R OF TROY, LLC., | ) |
| | ) |
|     Defendants. | ) |

## **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

COME NOW Defendants Health Systems, Inc. et al., by and through their undersigned counsel, and for their Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon which relief can be granted in the above-captioned matter, states as follows:

### A. Overview of Plaintiffs' Complaint

Plaintiffs Jade McClean and Jamie Davis assert various legal theories to support their assertion that they were not paid for all time that they worked while employed with Defendant Forsyth Manor, Inc. They seek to assert claims on behalf of members of a similarly situated class of individuals. Plaintiffs name thirty six (36) separate and distinct legal entities as Defendants in this matter.

Plaintiffs' Petition primarily consists of threadbare recitals of the legal elements of their causes of action and/or the prerequisites for class action status. However, substantively Plaintiffs allegations can be concisely summarized as follows:

- Defendants required Plaintiffs to perform work tasks off the clock during their thirty (30) minute meal break (Pl. Comp. at ¶ 103);

- Defendants required Plaintiffs to report to work for off-the-clock mandatory meetings (Pl. Comp. at ¶ 104);

- Defendants required Plaintiffs to work off-the-clock to complete mandatory training sessions (Pl. Comp. at ¶ 105);

- Defendants required Plaintiffs to work off-the-clock to perform mandatory data entry referred to internally as "dart charting" (Pl. Comp. at ¶ 106);

- Defendants rounded its employees hours to the nearest quarter hour of time (Pl. Comp. at ¶ 112);

- Defendants failed to include payments to Plaintiffs for attendance pay, and shift premiums when calculating their "regular rate" for overtime purposes (Pl. Comp. at ¶ 116).

As set forth more fully *infra*, several aspects of Plaintiffs' Complaint are deficient as a matter of law in order to state a claim upon which relief can be granted and therefore should be dismissed.

## B. Legal standard for motion to dismiss

Very recently, the United States Supreme Court clarified the legal standard to be applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Indeed, in Ashcroft v. Iqbal, 129 S. Ct. 1955, 1940, 173 L.Ed.2d 868 (2009) the Court set forth the following standard:

> In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent" with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (internal citations omitted).

Furthermore, the legal tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Id. at 1949-50. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 1950. Although Rule 8(a)(2) of the Federal Rules of Civil Procedure marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Id. Thus, while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id. Accordingly, where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has not shown that the pleader is entitled to relief and it should therefore be dismissed. *See also* Cook v. ACS State & Local Solutions, Inc., 10-00179-CV-W-DGK, 2010 WL 4813848 (W.D. Mo. 2010)(applying the Iqbal standard to dismiss certain counts of case); Crest Construction II, Inc. v. On Time Auto, 07-0728-CV-W-DGK, 2010 WL 3456690 (W.D. Mo. 2010)(applying the Iqbal standard to grant motion to dismiss); Goldblatt v. Herron, 4:09-CV-0748-DGK, 2010 WL 3522800 (W.D. Mo. 2010)(granting motion to dismiss); Baugh v. Ozarks Area Community Action Corporation, 09-03177-CV-S-DGK, 2010 WL 1253718 (W.D. Mo. 2010)(granting motion to dismiss.

As set forth more fully *infra*, the facts alleged by Plaintiffs, as well as the lack of facts alleged, shows that certain aspects of their Complaint are insufficient as a matter of law. Therefore, the Court should dismiss the appropriate portions of their Complaint for failure to state a claim upon which relief can be granted.

### C. Legal argument

### 1. Plaintiffs' claims against all Defendants other than Defendant Health Systems, Inc. and Defendant Forsyth Manor, Inc. should be dismissed due to their failure to allege that they were employed by any of these entities

Plaintiffs allege that Defendant Forsyth Manor, Inc. is a skilled nursing and residential center for the elderly which is owned by Defendant Health Systems, Inc. Pl. Comp. at ¶ 8. Plaintiffs similarly allege that thirty four (34) other entitles are also owned by Defendant Health Systems, Inc. Pl. Comp. at ¶ 9-42. Thus, Plaintiffs effectively allege that Defendant Health Systems, Inc. is the parent company which owns thirty five (35) separate subsidiary companies.

Plaintiffs go on to allege that they were employed by Defendant Forsyth Manner, Inc. (i.e. one of the alleged subsidiaries) as Certified Nursing Assistants. Pl. Comp. at ¶ 44 ("At all relevant times, Plaintiff McClean was employed by Defendants' Forsyth Manor, Inc. location as a Certified Nursing Assistant."); ¶ 46 ("At all relevant times, Plaintiff Davis was employed by Defendants' Forsyth Manor, Inc. location as a Certified Nursing Assistant."). Plaintiffs' complaint also alleges in conclusory fashion that each of the thirty six (36) defendants is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Missouri wage laws, § 290.500(4). Pl. Comp. at ¶ 61-96. However, because these allegations are merely bald recitations of a legal element of their cause of action, they may be ignored. Cook, 2010 WL 4813848 at * 1.

In order to state a claim for relief, Plaintiffs must sufficiently allege that each and every legal entity named as a defendant in this matter is their "employer". The Fair Labor Standards Act defines an "employer" as "any person acting directly or indirectly in the interests of an employer in relation to the employee." 29 U.S.C. § 230(d). Missouri law definition of the term "employer" is identical. R.S.Mo. § 290.500(4).

However, Plaintiffs' Complaint fails to allege facts to support a plausible inference that they acted in the interests of any entity other than Defendant Forsyth Manor, Inc. As such, an essential element of their cause of action is necessarily missing: i.e. that any of the other named subsidiaries were their "employers". No court has ever held that a suit against one subsidiary corporation is properly brought as a "suit against all". However, this is precisely what Plaintiffs attempt to accomplish herein. Accordingly, Plaintiffs fail to state a claim upon which relief can be granted as to all of the subsidiaries other than Defendant Forsyth Manor, Inc.

2. <u>Plaintiffs claims based upon Defendants' alleged rounding practices fail to state a claim upon which relief can be granted because an employer's practice of rounding off its employees' time to the nearest quarter is expressly permitted by the FLSA</u>

Plaintiffs' Complaint alleges that Defendants "rounded their hours to the nearest quarter hour of time" when keeping track of their hours worked for compensation purposes. Pl. Comp. at ¶ 112. Indeed, Plaintiffs chide Defendants and argue that they "could have easily recognized and paid Plaintiffs and other similarly situated employees' actual time worked" because they "had a computerized timekeeping system in place." Pl. Comp. at ¶ 113.[1]

However, the United States Department of Labor ("DOL") regulations clarify that "[t]ime clocks are not required" when keeping track of the amount of hours worked under the FLSA. 29 C.F.R. § 785.48(a). Moreover, the DOL expressly sanctions the use of rounding practices. To wit:

---

[1] To the extent that Plaintiffs disagree with Defendants' business practices, it is worth repeating the oft-quoted maxim that "[f]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions." <u>Torlowei v. Target</u>, 401 F.3d 933, 935 (8th Cir. 2005). Rather, the Court's role is limited to determining whether a statute has been violated.

> It has been found that in some industries, particularly where time clocks are used, there has been the practice for many years of recording the employees' starting time and stopping time to the nearest 5 minutes, *or to the nearest* one-tenth or *quarter of an hour*. Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work. For enforcement purposes this practice of computing working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.

Id. (emphasis added). Additionally, on November 7, 1994 the DOL opined in an opinion letter that the practice of rounding an employee's hours worked to the nearest half hour would be acceptable.

Plaintiffs' denigrate Defendants alleged rounding practice but fail to explicitly allege that the rounding practice caused them to be denied pay for time they actually spent working. To the contrary, Plaintiff fail to mention that there were presumably times when they benefitted from the rounding practices such as when they worked 8-minutes and their time was rounded up to 15- minutes. Adair v. Wisconsin Bell, Inc., 2008 WL 4224360 at * 12 (E.D. Wisc. 2008)(denying conditional certification because plaintiffs failed to present evidence that the rounding practice actually deprived them of pay).

At least one court has found similar allegations to be legally insufficient. In Harding v. Time Warner, Inc., 2010 WL 457690 (S.D. Cal. 2010) the plaintiff argued in the complaint that the defendant's practice of paying employees without regard to the number of hours actually worked including the rounding of reported time to the nearest 15-minutes violated the FLSA. The Harding court held that the allegation that the defendant had a practice of rounding was too generic and conclusory to satisfy the pleading standard. Id. at *5 ("The First Amended Complaint does not contain specific

factual allegations which suggest that, in practice, Time Warner's policies resulted in Plaintiff and other employees being underpaid."). The same result is appropriate herein.

> 3. <u>Plaintiffs' Complaint does not state a claim upon which relief can be granted for punitive damages</u>

Plaintiffs seek the imposition of punitive damages as part of their prayer for relief. See ¶ g on p.27 of Plaintiffs' Complaint.

First, Plaintiffs' Complaint under the Fair Labor Standards Act is brought pursuant to 29 U.S.C. § 207(a)(1). Pl. Comp. at ¶ 123. The remedies provision of the FLSA – 29 U.S.C. § 216(b) states that "[a]ny employer who violated the provision of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

Courts are consistent in holding that punitive damages are <u>not</u> available as a remedy for a violation of § 207. <u>Tucker v. Monsanto Co.</u>, 4:06-CV-1815 (CEJ), 2007 WL 1686957 (E.D. Mo. 2007)("The Court concludes that plaintiff [ ] cannot recover punitive damages under the FLSA."); <u>Sapp v. Unlimited Concepts, Inc.</u>, 208 F.3d 928 (11th Cir. 2000)(court not authorized to award punitive damages under FLSA); <u>Johnston v. Davis Security, Inc.</u>, 217 F.Supp2d 1224, 1229-32 (D. Utah 2002); Lanza v. Sugarland Run Homeowners Association, Inc., 97 F.Supp.2d 737 (E.D. Va. 2000)(FLSA does not permit punitive damages).

Second, the remedy provision of the Missouri Minimum Wage Law is substantially similar to that of the FLSA. R.S.Mo. § 290.527 (employer may "be liable to the employee affected for the full amount of the wage rate and an additional equal

8
Case 6:11-cv-03037-DGK   Document 9   Filed 02/22/11   Page 8 of 11

amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury."). Moreover, the Missouri Minimun Wage Law expressly states that it is to be interpreted in accordance with the FLSA. R.S.Mo. § 290.505.4 ("Except as may be otherwise provided under sections 290.500 to 290.530, this section shall be interpreted in accordance with the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq., as amended, and the Portal to Portal Act, 29 U.S.C. Section 251, et seq., as amended, and any regulations promulgated thereunder."). Thus, the same result is appropriate under the Missouri Minimum Wage Law.

Third, Plaintiffs common law claims for breach of contract and unjust enrichment likewise do not permit the recovery of punitive damages. Dewey v. American Stair Glide Corp., 557 S.W.2d 643, 650 (Mo. App. 1977)("Dewey further claims punitive damages. As already noted, Dewey's theory of recovery for actual damages is based on the contract theory of unjust enrichment. It is beyond question that punitive damages do not lie for a breach of contract. Thus, Dewey is not entitled to punitive damages.")(internal citations omitted); Watkins v. Hovey, 88 F. Supp. 478, 479 (W.D. Mo. 1950).

For all of the foregoing reasons, Plaintiffs' claim for punitive damages fails to state a claim upon which relief can be granted.


4. <u>Plaintiffs' claims for injunctive relief under any count other than their claim under the Fair Labor Standards Act should be dismissed because none of these claims permit such recovery</u>

Plaintiffs' prayer for relief includes a claim for "[a]n injunction requiring Defendants to cease their unlawful practices under, and comply with, the FLSA and

Missouri common and wage laws." Pl. Comp. at ¶ d on p.27. However, other courts have rejected similar allegations for injunctive relief when it did not arise under the FLSA. For instance, in Doyel v. McDonalds Corp., 2009 WL 350627 (E.D. Mo. 2009) the court granted a motion to dismiss for injunctive relief arising under Missouri law. However, the Doyel court noted that R.S.Mo. § 290.527 did not expressly authorize injunctive relief and in the absence of such express authorization the court found that the claims for injunctive relief must be dismissed.

WHEREFORE, Defendants respectfully requests the Court to grant their Motion to Dismiss in its entirety and dismiss the requested portions of Plaintiffs' Complaint in their entirety, and for such other and further relief and the Court deems just and proper.

Respectfully submitted,

McCARTHY, LEONARD, KAEMMERER, L.C.

By: /s/ Brian E. McGovern_____
Michael E. Kaemmerer, #25652MO
Brian E. McGovern, #34677MO
Kristen L. Maly, #40514MO
Bryan M. Kaemmerer, #52998MO
400 South Woods Mill Road, Suite 250
Chesterfield (St. Louis), MO 63017-3481
(314) 392-5200
(314) 392-5221 (Fax)
mkaemmerer@mlklaw.com
bmcgovern@mlklaw.com
bkaemmerer@mlklaw.com
kmaly@mlklaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of February 2011, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon the following:

Rowdy B. Meeks, Esq.
Rowdy Meeks Legal Group LLC
4717 Grand Ave., Ste. 840
Kansas City, Missouri 64112
Rowdy.Meeks@rmlegalgroup.com
Attorney for Plaintiffs

/s/ Brian E. McGovern