IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **JADE MCCLEAN, et al.,** | )<br>) |
| On Behalf of Themselves<br>All Others Similarly Situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No.: 6:11-cv-03037-DGK |
| vs. | )<br>) |
| **HEALTH SYSTEMS, INC., et al** | )<br>) |
| Defendants. | ) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

This case is a putative collective and class action brought on behalf of hourly, non-exempt nursing home employees who were required to work through their unpaid meal periods, denied wages as a result of time clock restrictions and unlawful rounding policies and practices, and denied overtime pay as a result of Defendants' uniform practice of omitting bonus and incentive pay from Plaintiffs' regular rate of pay when calculating overtime wages. These and other unlawful practices described in Plaintiffs' First Amended Complaint violate the Fair Labor Standards Act ("FLSA"), Missouri wage laws, and Missouri common law.

Defendants ask this Court to dismiss Plaintiffs' case at the outset – without the benefit of a factual record – because Plaintiffs did not provide a detailed factual exposition of the evidence they intend to produce at trial in support of their claims. This, however, is the pleading stage of the litigation, and Plaintiffs must do no more than provide a short, plain statement of their claims. In fact, Plaintiffs have offered sufficient factual allegations to show their claims are plausible on their face, which is all that is required under *Iqbal* and *Twombly*. Defendants' Motion to Dismiss is an attempt to pre-litigate this case without affording Plaintiffs the

opportunity to conduct appropriate discovery necessary to formulate a factual record, and this Court should therefore deny this motion.

## I. PLAINTIFFS' COMPLAINT, EVEN AFTER *IQBAL* AND *TWOMBLY*, NEED ONLY INCLUDE A SHORT AND PLAIN STATEMENT SHOWING THE CLAIMS ARE PLAUSIBLE ON THEIR FACE.

Defendants overstate the level of specificity required to be included in a complaint. In considering a motion to dismiss, the Court must accept as true the allegations in the complaint, and the complaint must be construed in the light most favorable to the plaintiff with all inferences drawn in favor of plaintiff. *Ashley County, Ark. v. Pfizer, Inc.,* 552 F.3d 659, 665 (8th Cir. 2009).

The question of how much detail is required in a complaint is answered by the Federal Rules of Civil Procedure in Rule 8(a)(2): "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court interpreted this to mean a party must plead facts demonstrating a claim for relief "is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). A claim is "plausible on its face" when the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint may proceed even if it appears "that a recovery is very remote and unlikely." *Twombly*, 127 S.Ct. at 1965. Neither detailed factual allegations nor heightened fact pleading of specifics are required. *See id.* at 1964, 1974. A plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Defendants rely on select quotations from *Twombly* and *Iqbal* in an effort to advance an interpretation of those cases that, in effect, would raise the bar to such heights that every complaint filed by a plaintiff would be met by a Rule 12 motion citing a lack of factual detail. The Eighth Circuit rejected Defendants' proposed extension of *Twombly* and *Iqbal* in *Braden v.*

2

*Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009): "*Twombly* and *Iqbal* did not change (the) fundamental tenet of Rule 12(b)(6) practice." The Court went on to explain that

> Rule 8 does not [ ] require a plaintiff to plead 'specific facts' explaining precisely how the defendant's conduct was unlawful. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). Rather, it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled "'give the defendant fair notice of what the claim is and the grounds upon which it rests,'" *id.* (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955) (alteration omitted), and "allow [ ] the court to draw the reasonable inference" that the plaintiff is entitled to relief. *Iqbal*, 129 S.Ct. at 1949.

*Id.* at 595.

This evaluation requires the complaint be read as a whole, "not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id.* at 594. Ultimately, evaluation of a complaint upon a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950).

As set forth below, Plaintiffs' 24-page, 150-paragraph Amended Complaint very clearly articulates claims of unlawful conduct that are plausible on their face. Defendants have "fair notice of what (those) claims (are) and the grounds upon which (they) rest," and their Motion to Dismiss should be denied.

### II. PLAINTIFFS HAVE STATED SUFFICIENT FACTUAL ALLEGATIONS TO SHOW THE PLAUSIBILITY OF SUCCESS ON THEIR CLAIMS.

Defendants' criticisms of Plaintiffs' First Amended Complaint fall into three categories: (1) the existence of an employment relationship between Plaintiffs and Defendants; (2) the unlawfulness of the rounding-practices allegations; and (3) the basis for the injunctive relief requested. As explained below, Plaintiffs' First Amended Complaint is sufficient, and Defendants' motion should be denied.

3

### A. Plaintiffs Have Sufficiently Alleged an Employment Relationship with Defendants, or In The Alternative, That Defendants Are Directly Liable For The Acts of Plaintiffs' Employers.

Plaintiffs do allege an employment relationship with Defendants. Specifically, Plaintiffs allege that each Defendant is an "employer" under the FLSA <u>and</u> – although Defendants omit reference to these allegations in their motion to dismiss – Plaintiffs specifically allege as follows:

- Defendants are "joint employers" of Plaintiffs under the FLSA and Missouri wage laws;

- Defendants are jointly and severally liable for the violations set forth in this First Amended Complaint;

- This liability extends to all Defendants as "employers" of Plaintiffs because HSI owns, operates, and controls the Defendants including instituting common and centralized management, common payroll practices including wage rates and employment classifications, common human resources practices, and compliance oversight.

*See* First Amended Complaint (Doc. 51), at ¶ 97. Defendants curiously criticize Plaintiffs for "fail(ure) to allege that there is any common managerial control amongst the various subsidiaries," but that is exactly what is alleged in paragraph 97 of the First Amended Complaint. *See id.*; Defendants' Motion to Dismiss (Doc. 55), at 7.

These well pleaded factual allegations, when accepted as true, are sufficient to survive a motion to dismiss. Specifically, although the Eighth Circuit has yet to articulate a precise test for determining whether defendants are "joint employers," several courts in the Circuit have applied the following four-factors to determine whether entities may be jointly liable: (1) the power to hire and fire the plaintiff; (2) supervision and control of the plaintiff's work schedule or conditions of employment; (3) determination of the rate and method of payment; and (4)

4

maintenance of the plaintiff's employment records. *Schubert v. Bethesda Health Group, Inc.*, 319 F.Supp.2d 963, 971 (E.D. Mo. 2004) (citing *Baker v. Stone County*, 41 F. Supp. 2d 965, 980 (W.D. Mo. 1999)).

Here, Plaintiffs have specifically plead Defendants are joint employers and offered supporting factual allegations—which must be accepted as true for purposes of this motion—that Defendants have centralized and common ownership, management, wage rates, payroll and human resource practices. Plaintiffs even go so far as to reference the common Employee Handbook setting forth the uniform policies and procedures administered by Defendants as joint employers and including the policies and procedures unlawfully applied against Plaintiffs and all others similarly situated as hourly, nonexempt employees of Defendants. *See* First Amended Complaint, at ¶ 100.

One Missouri district court addressing the adequacy of similar "joint employer" allegations in the context of the FLSA and Missouri wage laws refused to dismiss, explaining:

> (G)iven the broad definition of 'employer' under the FLSA and, by analogy, the MMWL (Missouri Minimum Wage Laws), and the constraints of a Rule 12(b)(6) review, the Court concludes that Plaintiffs have set forth sufficient facts to survive a motion to dismiss on the ground that Plaintiffs failed to plead sufficient facts to show that Defendants were their employers.

*Arnold v. DirecTV, Inc.*, 2011 WL 839636, at *6 (E.D. Mo. Mar. 7, 2011). In so ruling, the *Arnold* court relied on *Tahir v. Avis Budget Group, Inc.*, 2009 WL 4911941, at *9 (D.N.J. Dec. 14, 2009), which held that the allegation that a parent company was also the plaintiff's employer under the FLSA was sufficient to resist a 12(b) motion.

The Court in *Tahir* explained, and the Court in *Arnold* agreed, a defendant's argument for dismissal based on factual assertions extraneous to the Complaint, such as assertions that one company never employed plaintiff, has no employees, or does not substantially control the terms and conditions of employment at a subsidiary, are not matters a Court can consider on a Rule

5

12(b)(6) motion to dismiss. *Arnold*, 2011 WL 839636, at *6; *Tahir*, 2009 WL 4911941, at *9. These matters are appropriate for consideration on a motion for summary judgment, but not on a motion to dismiss. *See id.* Defendants' reliance on extra-jurisdictional cases regarding interrelatedness of sibling companies outside the context of the FLSA to somehow illustrate a theory of separateness is, again, inappropriate and inapposite at this stage. Such a defense is appropriately asserted in an answer, not grounds for a motion to dismiss under 12(b)(6).

Again, this is the pleading stage of the litigation. Plaintiffs are not required to set forth evidentiary proof in their complaint, especially when the evidence (e.g. documents reflecting managerial processes, directives, and mandates; payroll and time records; corporate organization and ownership records) are largely in Defendants' possession. This evidentiary burden need not be met until after the parties conduct discovery, and Plaintiffs' well pleaded factual allegations are sufficient to survive a motion to dismiss.

> **B. Plaintiffs Have Sufficiently Articulated a Claim That Defendants' Rounding Policy is Unlawful.**

Plaintiffs adequately allege that Defendants' rounding policy is unlawful because it most frequently results in rounding away time worked to the detriment of Plaintiffs. Specifically, Plaintiffs allege:

> Defendants further reduce its employees' work hours by rounding their hours to the nearest quarter hour of time to their detriment (i.e., the rounding did not average out to equally benefit Defendants and its employees over time) which results in Defendants not paying its employees for all time worked. This practice results in Plaintiffs and all other similarly situated employees being denied wages including overtime premiums and Defendants' illegal rounding practices are not *de minimus*;
>
> Even though Defendants had a computerized timekeeping system in place and could have easily recognized and paid Plaintiffs' and other similarly situated employees' actual hours worked, Defendants deliberately disregarded the system's records and rounded Plaintiffs' and other similarly situated employees work time down to the nearest quarter of an hour; and
>
> Defendants willfully and illegally rounded Plaintiffs' and other similarly situated employees' work time down to the nearest quarter of a hour.

6

*See* First Amended Complaint, at ¶¶ 112-114 (emphasis added).

While rounding itself is not *per se* unlawful, it is unlawful where the policy as applied more frequently results in the rounding away of time worked to the detriment of the employee. And, this is exactly what Plaintiffs allege. It is unclear what more Plaintiffs could proffer to put Defendants on notice of the claim they purport to assert, especially when – once again – the evidence of this claim (e.g. time clock records and pay records) are solely in the possession of Defendants.

Fortunately, Plaintiffs are not required to have and articulate an omniscient understanding of the evidence in Defendants' possession. Rule 8 does not require a plaintiff to plead "specific facts" explaining precisely how a defendant's conduct was unlawful. *Braden*, 588 F.3d at 595. Rather, it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled "'give the defendant fair notice of what the claim is and the grounds upon which it rests(.)'" *Id.* (internal citations omitted).

Defendants' argument that rounding can be lawful under the FLSA is unavailing. In *Braden*, the Court explained it was clear error to require a plaintiff to rule out all lawful explanations for a defendant's conduct. *See id.* "Not every potential lawful explanation for the defendant's conduct renders the plaintiff's theory implausible," and "defendant is not entitled to dismissal if the facts are merely consistent with lawful conduct." *Id.* at 597. To hold otherwise would convert the pleading requirement to one of evidentiary proof:

> Requiring a plaintiff to rule out every possible lawful explanation for the conduct he challenges would invert the principle that the "complaint is construed most favorably to the nonmoving party," and would impose the sort of "probability requirement" at the pleading stage which *Iqbal* and *Twombly* explicitly reject.

*Id.* at 597 (internal citations omitted).

7

Defendants reliance on *Harding v. Time Warner, Inc.*, 2010 WL 457690, *1 (S.D. Cal. Jan. 26, 2010) is unavailing. Notwithstanding that *Harding* is not controlling on this Court, this case is distinguishable and inapposite. Plaintiff in *Harding* did not plead "factual allegations which suggest that, in practice, Time Warner's policies resulted in Plaintiff and other employees being underpaid." 2010 WL 457690, at *5. Plaintiff also did not plead allegations showing Plaintiff worked overtime, received less than all wages due, and/or that his time records were inaccurate. *See id.* In this case, Plaintiffs plead allegations supporting each of these issues. *See* First Amended Complaint, at ¶¶ 102-119. Thus, unlike in *Harding*, Plaintiffs provided sufficient factual content to allow this Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949.

Plaintiffs set forth clear factual allegations that, when accepted as true, are sufficient to state a plausible claim that Defendants' rounding policy is unlawful as applied. Consequently, Defendants' motion to dismiss should be denied.

### C. Plaintiffs Appropriately Seek Injunctive Relief Requiring Compliance with the FLSA, Missouri Common Law and Wage Laws.

Plaintiffs' Prayer for Relief seeks "(a)n injunction requiring Defendants to cease their unlawful practices under, and comply with, the FLSA and Missouri common law and wage laws." First Amended Complaint, p. 23. Defendants do not dispute this injunctive relief is available under the FLSA and Missouri common law.

Furthermore, Missouri's wage laws allow for broad remedial measures in response to an employer's noncompliance: "The employee may bring <u>any</u> legal action necessary to collect the claim." Mo. Ann. Stat. § 290.527 (West). The Eastern District's interpretation, in *Doyle*, of this language as proscribing equitable action is unsupported by any other Missouri Court's interpretation of the statute. 2009 WL 350627 (E.D. Mo. 2009).

8

This issue, nonetheless, is not dispositive because the injunctive relief Plaintiffs seek is indisputably available under the FLSA and Missouri common law. And, even if this Court were to limit the relief available for any of the specific claims asserted, there is no independent claim for injunctive relief (e.g. apart from the prayer for relief) to subject to dismissal. Accordingly, Defendants' motion to dismiss should be denied.

## III. EVEN IF THIS COURT BELIEVES CERTAIN ASPECTS OF PLAINTIFFS' COMPLAINT ARE NOT SUFFICIENTLY DETAILED, THE APPROPRIATE REMEDY IS TO AFFORD PLAINTIFFS' LEAVE TO AMEND NOT TO DISMISS THIS CASE IN ITS ENTIRETY.

As described above, Plaintiffs' First Amended Complaint is supported with the requisite factual allegations showing they have a plausible chance of success on their claims. Nonetheless, should the Court believe that Plaintiffs' Complaint is somehow deficient, the appropriate remedy is to afford Plaintiffs time to file a Motion for Leave to Amend their complaint to cure any deficiencies identified by the Court. *See Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999).

*Conclusion*

Plaintiffs respectfully request this Court deny Defendants' Motion to Dismiss and allow this case to proceed on the merits or, in the alternative, allow Plaintiffs' an opportunity to file a motion for leave to amend their complaint to address any deficiencies identified by the Court.

Respectfully submitted,

**ROWDY MEEKS LEGAL GROUP LLC**

*/s/ Tracey F. George*
Rowdy B. Meeks, MO #48349
Tracey F. George, MO #52361
**Rowdy Meeks Legal Group LLC**
4717 Grand Ave., Suite 840
Kansas City, Missouri 64112

9

Tel: (816) 531-2277
Fax: (816) 531-7722
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was electronically filed this 8th day of April, 2011, with the Clerk of Court and therefore served via the Court's electronic filing system on the following counsel of record:

Michael E. Kaemmerer
Brian E. McGovern
Kristen L. Maly
Bryan M. Kaemmerer
400 South Woods Mill Road, Suite 250
Chesterfield, MO 63017-3481
(314) 392-5200
(314) 392-5221 (fax)
mkaemmerer@mlklaw.com
bmcgovern@mlklaw.com
kmaly@mlklaw.com
bkaemmerer@mlklaw.com

*/s/ Tracey F. George*
**ATTORNEYS FOR PLAINTIFFS**