# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JADE MCCLEAN, et al., | ) |
| Plaintiffs, | ) Case No. 11-03037-CV-S-DGK |
| v. | ) |
| HEALTH SYSTEMS, INC., et al., | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is the Defendants'[1] fully-briefed Motion to dismiss the Plaintiffs'[2] Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Docs. 55, 57, 60, 75-1, 90. For the reasons discussed herein, the Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

## Background

On January 25, 2011, Plaintiffs Jade McClean and Jamie Davis filed suit against the Defendants as a putative collective action under the Fair Labor Standards Act ("FLSA") and putative Rule 23 class action for violations of Missouri state wage and hour laws. Doc. 1. The Plaintiffs work as Certified Nursing Assistants ("CNAs") and claim that they were required to work off the clock during automatically deducted meal breaks, during mandatory meetings and training sessions, and while performing mandatory data entry known as "dart charting." The result of these policies was to allegedly deny the Plaintiffs wages and overtime. The Plaintiffs amended their Complaint on March 10, and the Defendants filed the pending Motion thereafter.

---

[1] This case involves 36 allegedly distinct business entities as Defendants. Since all are represented by the same attorneys and join this Motion, listing them is unnecessary.
[2] This case was initially filed by Jade McClean and Jamie Davis. Subsequently, over 50 individuals have filed their consent to join this case as plaintiffs pursuant to section 216(b) of the Fair Labor Standards Act.

**Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal for failure to state a claim upon which relief can be granted. Though the federal system remains a notice pleading regime, the Supreme Court has interpreted Rule 8—the federal pleading standard—to require plaintiffs to state "sufficient factual matter, accepted as true, to state a claim to relief which is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Well-pleaded facts must be accepted as true, but legal conclusions "are not entitled to the assumption of truth." *Id.* at 1950. As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are not enough to survive a motion to dismiss. *Id.* at 1949. The Defendants assert that the Plaintiffs have failed to state a claim against any entity other than Health Systems, Inc. ("HSI") and Forsyth Manor, Inc.—the entities by which they were actually employed—because they cannot allege any violation by any other entity. Furthermore, the Defendants argue that one of the Plaintiffs' allegations—related to rounding of time—is expressly permitted by the FLSA and therefore does not state a valid claim. Finally, the Defendants argue that claims for injunctive relief are not available under Missouri law and that such claims should therefore be dismissed as to those counts.

**Discussion**

**A. The Plaintiffs Have Sufficiently Pled a Joint Employment Relationship Between Themselves, HSI and Similarly Situated Employees**

The Plaintiffs allege that they were employed by Health Systems, Inc. and Forsyth Manor, Inc. Doc. 51 at ¶¶ 98-99. However, they refer to the latter as "[the Defendants'] Forsyth Manor, Inc. *location*," confusing the issue of business relationships to some extent, in that a "location" would not usually be considered a type of subsidiary. *Id.* The Plaintiffs also pled that

each of the locations are "owned by Defendant HSI," which could mean that they are "locations" or some sort of subsidiary. *Id.* at ¶¶ 8-42. It is not clear if the Plaintiffs know whether or not these are actually distinct business organizations, though the designation of, for example, "Defendant N & R of Southwest Missouri, *LLC*" suggests that they believe that they are.[3] *Id.* at ¶ 41 (emphasis added). The named Plaintiffs do not allege that they were employed by any entity other than HSI and Forsyth Manor, Inc.

The Plaintiffs contend that there is a joint employment system "*because HSI owns, operates, and controls the Defendants,* including instituting common and centralized management, common payroll practices including wage rates and employment classifications, common human resources practices, and compliance oversight." *Id.* at 97 (emphasis added). Though not binding, the Court finds the test applied by Judge Sachs to be a useful method of determining whether a particular employer is a joint employer under the FLSA. *See Loyd v. Ace Logisitics, LLC,* No. 08-CV-00188-W-HFS, 2008 WL 5211022, at *3 (W.D. Mo. Dec. 12, 2008) ("The four factors used to determine whether an entity may be held to be a joint employer under the FLSA are whether the alleged employer: (1) had the power to hire and fire the plaintiff; (2) supervised and controlled plaintiff's work schedules or conditions of employment: (3) determined the rate and method of payment; and (4) maintained plaintiff's employment records.") (citing *Schubert v. Bethesda Health Group, Inc.,* 319 F. Supp. 2d 963, 971 (E.D. Mo. 2004)). The Plaintiffs allege that there is a joint employment system in which HSI controls its various locations, including the human resources departments. Based on paragraph 97, the Court finds that the Plaintiffs have sufficiently pled this allegation. However, while this means that the Plaintiffs were allegedly employed by both HSI and Forsyth Manor, it does not follow that they

---

[3] The Plaintiffs also allege that each entity is an "employer" under the FLSA, further suggesting that their theory is that they are distinct entities.

were also employed by, for example, N & R of Republic, LLC, but rather that employees of N & R of Republic were also allegedly employed by HSI. Nowhere do the Plaintiffs allege that N & R of Republic or any of the other alleged "locations"/subsidiaries had control over *their* hiring and firing, work schedules, conditions of employment, rate and method of pay or employment records. If this alleged joint employment system was actually in place, it is not clear that the Plaintiffs needed to join the "locations;" they are employees of HSI bringing a putative collective and class action on behalf of other employees of HSI, regardless of at what physical location other putative class members were present and performed their work.

The parties present this issue as a battle between two—equally non-binding—district court opinions, *Loyd* and *Arnold v. Directv, Inc.,* No. 4:10CV00352 AGF, 2011 WL 839636 (E.D. Mo. March 7, 2011). More accurately, this issue is resolved by the application of the *Schubert* test to the well-pleaded facts in this case. The *Loyd* and *Arnold* cases reached different results in different cases, and the facts relied on by those courts are not particularly relevant to the Court's determination in the case at bar. Notably, *Loyd*, *Arnold* and this Court all applied the four-factor *Schubert* test to determine whether an employment relationship had been sufficiently pled. The Plaintiffs have alleged a joint employment relationship between themselves, HSI and Forsyth Manor. They have alleged no such relationship between themselves and any other entity. Accordingly, the Defendants' Motion is GRANTED as to all Defendants except HSI and Forsyth Manor. However, given that the Plaintiffs have alleged that the HSI employed their colleagues at other locations, the Court sees no reason why this case cannot proceed as a collective/class action against HSI on behalf of those employees. FLSA collective actions regularly involve employees at different geographic locations, though this may affect certification. *See Russell v. Illinois Bell Tel. Co.,* 721 F. Supp. 2d 804, 812 n.2 (N.D. Ill.

2010) ("In some cases, the variety of…geographic locations…may result in claims that are too individualized and difficult for the court to manage collectively.").

   B. **The Plaintiffs Have Sufficiently Pled a Rounding Claim**

One of the Plaintiffs' substantive allegations is that the Defendants have a practice of "reduc[ing] [their] employees' work hours by rounding their hours to the nearest quarter hour of time to their detriment (i.e., the rounding did not average out to equally benefit Defendants and its employees over time) which results in Defendants not paying its employees for all time worked." Doc. 51 at ¶ 112. Defendants cite federal regulations which expressly allow the practice of rounding to the nearest 15-minute increment. 29 C.F.R. § 785.48(b) ("For enforcement purposes this practice of [rounding to 5, 10 or 15-minute increments] will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.").[4] The Defendants submit *Harding v. Time Warner, Inc.* in support of their position that the Plaintiffs have not sufficiently pled a claim of improper rounding. No. 09cv1212-WQH-WMC, 2010 WL 457690 (S.D. Cal. Jan. 26, 2010). In *Harding*, the court found that, despite describing the allegedly improper rounding procedures in detail, Harding had failed to provide "specific factual allegations" showing that employees had been underpaid. *Id.* at *5. The Plaintiffs provided the following statements regarding rounding in their Amended Complaint:

> 112. Defendants further reduce its [sic] employees' work hours by rounding their hours to the nearest quarter hour of time to their detriment (i.e., the rounding did

---

[4] It is not clear to the Court whether this regulation has any relevance as to the merits of a rounding claim. The phrase "for enforcement purposes" suggests that the Department of Labor has elected not to sue employers who use this common practice, as long as compensation averages out properly. Notably, the subchapter in which this regulation is found is titled "Statements of General Policy or Interpretation *Not Directly Related to Regulations.*" (emphasis added). It is necessarily true that an employee who has not been denied net wages or overtime cannot succeed in an FLSA claim. *See* 29 U.S.C. § 216(b) (limiting liability to employees who have been denied "their unpaid minimum wages, or their unpaid overtime compensation…"). So to say that rounding does not violate the FLSA when it averages out to the proper wages is the equivalent of saying that employers do not violate the FLSA when they do not violate the FLSA.

> not average out to equally benefit Defendants and its [sic] employees over time) which results in Defendants not paying its [sic] employees for all time worked. This practice results in Plaintiffs and all other similarly situated employees being denied wages including overtime premiums and **Defendants' illegal rounding practices are not *de minimus*.** [sic]
>
> 113. Even though Defendants had a computerized timekeeping system in place and could have easily recognized and paid Plaintiffs' and other similarly situated employees' actual hours worked, Defendants deliberately disregarded the system's records and rounded Plaintiffs' and other similarly situated employees work time down to the nearest quarter of an hour.
>
> 114. **Defendants willfully and illegally rounded Plaintiffs' and other similarly situated employees' work time down to the nearest quarter of a** [sic] **hour.**

Doc. 51 at ¶¶ 112-14 (legal conclusions in bold). *Iqbal* requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. The Plaintiffs allege that the rounding did not average out properly. They further allege that the Defendants maintain a computerized system which keeps time, but still chose to use rounding. Assuming the truth of these allegations, the Court can plausibly infer that the Defendants chose to round time because it would be more favorable than paying for actual time worked on a minute by minute basis, thus violating the averaging rationale inherent to rounding. While the Plaintiffs could have chosen to state more, to require them to plead, for example, specific minutes on specific days for which they were denied wages would be fact pleading inconsistent with *Iqbal*. *Hamilton v. Palm,* 621 F.3d 816, 817 (8th Cir. 2010) (noting that "*Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2)"). The Defendants' Motion to dismiss the Plaintiffs' rounding claim is DENIED.

### C. Injunctive Relief is Available Regardless of the Legal Theory

Finally, the Defendants move to dismiss the Plaintiffs' state law claims for injunctive relief on the theory that it is not available under Missouri law. The Defendants rely on *Doyel v. McDonalds Corporation* for the proposition that injunctive relief is not expressly permitted

6

under Missouri's wage and hour statutes, and is therefore unavailable pursuant to Missouri Supreme Court precedent. No. 4:08-CV-1198-CAS, 2009 WL 350627, at *3 (E.D. Mo. Feb. 10, 2009) (citing *State Dep't of Labor & Indus. Relations v. SKC Elec., Inc.,* 936 S.W.2d 802, 804-05 (Mo. 1997) (applying this rule to back wages)). *SKC Electric* held that the State of Missouri is not empowered to sue for remedies not expressly granted, noting that "the statute [290.240.1] clearly provides that the department has authority to sue to enforce penalties prescribed in sections 290.210 to 290.340. Section 290.250 comes within the authorization." *SKC,* 938 S.W.2d at 804. The Plaintiffs' argue that the relevant statute at issue authorizes them to bring "any legal action" necessary. Mo. Rev. Stat. § 290.527. *Doyel* rejected this argument, noting that injunctive relief is not a legal action, but equitable. This issue is somewhat academic, as both parties agree that at least one claim for injunctive relief—under the FLSA—should remain before the Court. Accordingly, the Court will take this issue under advisement for resolution with the merits of the case.

## Conclusion

The Plaintiffs have sufficiently pled an employment relationship between themselves, similarly situated employees, and HSI, regardless of at what specific locations such other employees worked. The Plaintiffs have not shown an employment relationship between themselves and any entities other than HSI and Forsyth Manor, and the Defendants' Motion is accordingly GRANTED as to all other parties. The Plaintiffs have sufficiently pled a rounding claim, and the Defendants' Motion is DENIED as to this claim. The parties agree that FLSA injunctive relief is available, and the Court will take the issue of injunctive relief under Missouri statutory and common law under advisement for future consideration if necessary.

**IT IS SO ORDERED**

Dated: July 6, 2011    /s/ Greg Kays
　　　　　　　　　　　　　　　　GREG KAYS,
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE