IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JADE MCCLEAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | No. 11-03037-CV-S-DGK |
| | ) | |
| HEALTH SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING CLASS CERTIFICATION**

Pending before the Court is Plaintiffs Jade McClean and Jaime Davis's Motion for Rule 23 Class Action Certification (Doc. 151). The Court has reviewed this Motion in conjunction with Plaintiffs' Suggestions in Support (Doc. 152), Defendant Health Systems, Inc.'s ("Health Systems") Legal Memorandum in Opposition (Doc. 158), and Plaintiffs' Reply (Doc. 161). For the reasons discussed herein, Plaintiffs' Motion is GRANTED IN PART.

**Background**

Defendant Health Systems manages sixty nursing home facilities across the state of Missouri. Named Plaintiffs Jade McClean and Jaime Davis, former hourly, nonexempt nursing home employees, bring this action against Defendant for violation of the Fair Labor Standards Act ("FLSA) and Missouri common law and wage laws. *See* 29 U.S.C. §§ 201, *et. seq.*; Mo. Rev. Stat. §§ 290.500, *et. seq.* Specifically, Plaintiffs allege (1) that Defendant's time-keeping system unlawfully rounds away time worked before and after each shift; (2) that Defendant deprives employees of wages by "willfully failing to include non-discretionary bonus payments into overtime calculations;" and (3) that Defendant implements a uniform, system-wide policy that automatically deducts a thirty minute meal period from each employee's pay for shifts of six

hours or more regardless of whether the employee actually takes a meal break or works through the meal period.

On December 12, 2011, the Court conditionally certified Plaintiffs' FLSA claim to proceed as a collective action. Plaintiffs now seek Rule 23 class action certification to pursue their Missouri state law claims. Specifically, the named Plaintiffs seek to represent "all hourly, non-exempt employees who worked in an HSI-managed facility since January 25, 2008" in a claim for violations of Missouri wage laws and "all hourly, non-exempt employees who worked in an HSI-managed facility since January 25, 2005" in claims for breach of contract and unjust enrichment.

**Standard**

Federal Rule of Civil Procedure 23 governs class certification. A motion for class certification involves a two part analysis. First, a party seeking class certification must satisfy all of the requirements of Rule 23(a). Second, the party must show that the proposed class fits into one of the three categories identified in Rule 23(b). *Janson v. LegalZoom.com, Inc.*, 271 F.R.D. 506, 509 (W.D. Mo. 2010).

Under Rule 23(a), class certification is appropriate when "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The requirements are typically summarized as numerosity, commonality, typicality, and adequacy. *In re Constar Int'l Inc. Sec. Litig.,* 585 F.3d 774, 781 (3d Cir. 2009).

Rule 23(b) requires a party seeking class certification to show that:

2

"(1) prosecuting separate actions by or against individual class members would create a risk of:
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Fed. R. Civ. P. 23(b).

"In considering class certification motions, the court liberally construes Rule 23(a) and does not resolve the merits of the dispute." *Elizabeth M. v. Montenez,* 458 F.3d 779, 786 (8th Cir. 2006). Still, a class action is not appropriate merely because the plaintiffs have all purportedly suffered a violation of the same provision of law. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Rather district courts must engage in a "rigorous analysis" in determining whether the 23(a) factors are satisfied. *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982).

### Discussion

**I. The proposed class meets the requirements for class certification with regard to Plaintiffs' claims for Health System's rounding practices and retro-pay bonuses.**

**A. The Rule 23(a) factors are satisfied.**

Rule 23(a) provides that a proposed class must satisfy the following requirements: numerosity, commonality, typicality and adequacy. The Court considers each in turn.

3

### 1. Numerosity

To establish numerosity, Plaintiffs must show that the putative class is so numerous that joinder of all the members is impracticable. *In re St. Jude Med., Inc.,* 425 F.3d 1116, 1119 (8th Cir. 2005). In making this determination, "there is not a magic number," rather "courts generally follow the rule of thumb that a class of over 40 is sufficiently 'numerous' for Rule 23 purposes." *Casey v. Coventry Healthcare of Kansas, Inc*., No. 08-0201-CV-W-DGK, 2010 WL 3636140, at *2 (W.D. Mo. Sept. 10, 2010); *White v. Martin*, No. 02-4254-CV-C-NKL, 2002 WL 34560467, at *2 (W.D. Mo. July 26, 2002). Here, Health Systems does not contest numerosity, and it is clear that the number of potential class members is significant. Plaintiffs seek to represent a class of all current and former hourly, non-exempt employees in Health System's Missouri facilities. Health Service's Human Resources Director testified that there are approximately 3,500 hourly employees working in Health System's sixty Missouri facilities. This fact, combined with the difficulties of locating and joining potential former employees, is enough for Plaintiffs to make an adequate showing of numerosity.

### 2. Commonality

Commonality does not require complete uniformity of all legal and factual questions. Rather, the commonality requirement of 23(a) "is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation." *DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir. 1995) (internal quotations omitted). Here, several questions are common to the members of Plaintiffs' proposed class: (1) whether Defendant's rounding policy unlawfully rounds away compensable work time; (2) whether Defendant unlawfully fails to incorporate non-discretionary bonuses into overtime calculations; and (3) whether Defendant was unjustly enriched by virtue of its system-wide payroll policies. These

4

questions satisfy the commonality requirement because they are all based on Health Systems's system-wide policies which apply uniformly to all class members. For example, Health Systems uses the same timekeeping system in every one of its Missouri facilities, and this timekeeping system employs one, uniform rounding policy. In addition, the retro-pay bonus is a non-discretionary bonus paid to all hourly employees at all Health System's Missouri facilities.

### 3. Typicality

Typicality is similar to commonality, however, it considers the named plaintiff specifically, rather than the entire class generally. "Typicality means that there are 'other members of the class who have the same or similar grievance as the plaintiff.'" *Janson*, 2010 WL 5105146, quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977). In this case, Class Representatives Jade McClean and Jamie Davis satisfy the typicality requirement because both worked as hourly employees at a Health Systems facility, both were subject to Health System's rounding policy, and both received retro-pay bonuses.

### 4. Adequacy

The purpose of the adequacy requirement is to ensure that there are no potential "conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 625 (1997). In order to satisfy 23(a)(4)'s adequacy requirement, the named plaintiff must be "part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 625-26; *see also U.S. Fid. & Guar. Co. v. Lord,* 585 F.2d 860, 873 (8th Cir. 1978). The focus of the adequacy inquiry is whether "(1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 562-63 (8th Cir. 1982).

5

McClean and Davis have claims that are co-extensive with those of the proposed class with regard to Health Systems rounding system and retro-pay bonuses. They have also demonstrated that they will vigorously prosecute the interests of the class by hiring counsel and responding to written discovery and deposition requests by Defendant. Consequently, the Court holds that Plaintiffs are adequate class representatives.

In addition to the requirement of the adequacy of the named Plaintiffs, the Court must determine whether Plaintiffs' counsel is adequate. *U.S. Fid.,* 585 F.2d at 873. Defendants do not contest class counsel's abilities. Rowdy Meeks Legal Group LLC present evidence that its practice is focused nearly exclusively on prosecuting wage and hour class and collective actions in Missouri and throughout the country. According to counsel, they have worked on dozens of wage and hour cases including obtaining FLSA conditional certification of a nationwide loan officer class of up to 35,000 employees. Accordingly, in the absence of evidence to the contrary, the Court assumes that class counsel is adequate. *Morgan v. United Parcel Svc. of America, Inc.,* 169 F.R.D. 349, 357 (E.D. Mo. 1996).

**B. The Rule 23(b)(3) factors are satisfied.**

Plaintiffs seek to certify the class pursuant only to Rule 23(b)(3) which requires that the Court find that common issues predominate over individual ones and that a class action is the superior method of adjudicating the case. "There are no bright lines for determining whether common questions predominate." *In re Potash Antitrust Litig.*, 159 F.R.D. 682, 693 (D. Minn. 1995). Rather, the predominance requirement is met if "there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, obviat[ing] the need to examine each class member's individual position." *Id.* at 693. However, certification is not precluded merely because damage calculations may require an individual determination. *Nobles*

6

*v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-CV-04175-NKL, 2011 WL 3794021, at *7-8 (W.D. Mo. Aug. 25, 2011).

Here, there is no dispute that all hourly employees are subject to Health System's uniform time-keeping and rounding policy and that these policies are applied equally to all hourly employees. Because these policies are uniform, Health System's own records would provide the necessary evidence to establish a *prima facie* case that Defendant engages in unlawful rounding away of work time. No individualized inquiry would be necessary. Similarly, there is no dispute that Health Systems excludes retro-pay bonuses from its overtime calculations. As with the rounding claim, Defendant's own records can establish whether and to what extent each class member was injured by this payroll practice. Consequently, the Court finds that common issues apply to all class members and common evidence will provide support to sustain these claims. Thus, the proposed class satisfies Rule 23(b)(3)'s predominance requirement.

The Court must also find that Plaintiffs have satisfied the superiority requirement of Rule 23(b)(3) which provides that the "class action be the superior method of resolving the claims" and that "no other available method of handling the litigation has greater practical advantages." *Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678, 692 (D. Kan. 2009). In assessing superiority, the rule directs the court to consider four factors: "(1) the class members' interest in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

7

Case 6:11-cv-03037-DGK   Document 174   Filed 02/23/12   Page 7 of 12

Here, these factors counsel in favor of class certification. First, sixty class members have affirmatively opted-in to the FLSA claim in this case, suggesting that they do not have an interest in individually adjudicating their claims in separate actions. Second, there is no evidence of other Missouri actions pending against Health Systems with claims similar to those in this case. Third, it is desirable to litigate the claims in this forum because Health Systems is headquartered in Missouri and all its facilities are located here. Finally, this case does not pose significant management issues given that common proof will be used to support Plaintiffs' claims for Defendant's illegal rounding and retro-pay policies. Accordingly, the Court finds that Rule 23(b)(3)'s superiority requirement is also met.

## II. The proposed class does not meet the requirements for class certification with regard to Plaintiffs' claims for Health System's auto-deduct meal break policy.

### A. The proposed class does not meet the Rule 23(b)(3) requirements.

Plaintiffs argue that this Court's conditional certification of the proposed class with regard to automatic meal break deductions supports its position that the proposed class meets the Rule 23(a) and 23(b)(3) requirements for class certification. At the outset, the Court notes that the standard applied in the first step of conditional certification is easier to meet than the requirements of Rule 23.[1] In deciding whether to conditionally certify Plaintiffs' FLSA claim as a collective action, the court did not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. *Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)   Rather, the Court relied on Plaintiffs' allegations, combined with the factual record generated through limited discovery, to support Plaintiffs' position that the proposed class was similarly situated. In its order, the court stated:

---

[1] The Rule 23 standard is even more stringent than the intermediate standard of review the Court applied to Plaintiffs' motion for conditional certification.

8

> "Given that Plaintiffs produced testimony from forty-four individuals at twenty of the sixty agencies, the Court finds that Plaintiffs have provided sufficient evidence at this stage of the litigation that the putative class is similarly situated for the purposes of the FLSA."

While this finding may be persuasive on the issue of whether the proposed class meets the commonality requirement of Rule 23(a), it is not dispositive on the "far more demanding" Rule 23(b)(3) requirements. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997) ("Even if Rule 23(a)'s commonality requirement may be satisfied by that shared experience, the predominance criterion is far more demanding."). Thus, although the Court found that Plaintiffs had met their initial burden of providing some evidence that the class was similarly situated, the Court finds that Plaintiffs have not met the heightened Rule 23 standard. Specifically, the Court finds that Plaintiffs fail to meet the demanding predominance requirements of Rule 23(b)(3).

"The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation . . . and assesses whether a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated." *Sullivan v. DB Inv., Inc.*, 2011 WL 6367740, at *11 (3d Cir. Dec. 20, 2011) (internal citations omitted), quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). "Rule 23(b)(3)'s predominance requirement imposes a more rigorous obligation upon a reviewing court to ensure that issues common to the class predominate over those affecting only individual class members." *Id*. The focus of the predominance inquiry is on whether the "defendant's conduct was common as to all of the class members," and whether "all of the class members were harmed by the defendant's conduct." *Id*. at *12.

Here, Plaintiffs have proven that Defendant has a company-wide policy to automatically deduct thirty minutes for each employee's lunch break. However, as the Court has previously noted, a policy which automatically deducts pay for meal periods is not, by itself, unlawful.

9

*White v. Baptist Mem'l Health Care Corp.,* No. 08-2478, 2011 WL 1883959, at *8 (W.D. Tenn. May 17, 2011). Rather, to meet Rule 23(b)(3)'s predominance requirement, Plaintiffs must show that generalized evidence will establish Health System's liability for off-the-clock work during unpaid meal breaks. The Court is concerned that Plaintiffs cannot make this showing.

Plaintiffs have submitted declarations from forty-four individuals at twenty facilities stating that they were not provided compensation for time worked during lunch breaks, and are thus, similarly situated. However, the predominance requirement of Rule 23(b)(3) necessitates that the class be sufficiently cohesive such that adjudication in the form of a class action is the best vehicle for resolution of the claims. This is generally interpreted to mean that evidence common to all class members be used to prove Defendant's liability. Here, that would require a showing that Defendant had a company-wide policy to deprive employees of compensation for time worked during lunch breaks.

In the instant case, however, Defendant produces evidence that company policy requires employees be given a thirty minute lunch break or compensated for their time worked during this break. Defendant also produces evidence that there is a procedure employees may utilize when they are not properly compensated for time worked. Finally, Defendant provides testimony that the implementation of this policy is specific to each managed facility. Thus, the Court finds that determination of the auto-deduct issue cannot be settled with representative testimony and common evidence of a policy or scheme to deprive employees of compensable work time. Rather, determination of the issue will require an individualized inquiry into each employee's circumstances. This will elevate individual investigations above those of the class, such that issues common to the class do not predominate.

Accordingly, the Court finds that Plaintiffs have failed to prove that the Defendants' conduct was common to all the proposed class members such that the proposed class is sufficiently cohesive. If anything, Plaintiffs have shown that compensation for missed lunch breaks is a decision left to the discretion of supervisors at each managed facility. Because Plaintiffs fail to present any evidence of an unwritten policy discouraging compensation for interrupted breaks or requests for reversals of automatic deductions which were denied, the Court finds that Plaintiff has not "identified a common mode of exercising discretion that pervades the entire company." *See Dukes*, 131 S. Ct. 2541, 2554-55; *Hadjavi v. CVS Pharmacy, Inc*., No. CV 10-04886 SJO, 2011 WL 3240763 (C.D. Cal. July 25, 2011) (denying class certification under Rule 23 stating that "[p]laintiffs have failed to demonstrate that Defendants had a uniform or common policy in place that 'prevented' employees from taking meal and rest breaks"). Accordingly, the Court finds Plaintiffs fail to meet the Rule 23(b)(3) predominance requirement.

## Conclusion

Plaintiffs' Motion for class certification is hereby GRANTED IN PART. As to their claims for rounding and retro-pay bonuses, Plaintiffs satisfy Rule 23(a) and certification is appropriate under Rule 23(b)(3). The following class is hereby certified for Count II, Violation of Missouri Wage Laws, with regard to rounding and retro pay bonuses: "All hourly, non-exempt employees who worked in an HSI-managed facility since January 25, 2008." The following class is hereby certified for Counts III and IV, Breach of Contract and Unjust Enrichment, with regard to rounding and retro pay bonuses: "All hourly, non-exempt employees who worked in an HSI-managed facility since January 25, 2005." Plaintiffs fail to satisfy Rule 23(b)(3) for their claims with regard to Defendant's auto-deduct meal policy.

11

Plaintiffs' attorneys of record, Tracey Flexter George and Rowdy B. Meeks, are appointed as class counsel. Within 21 days of this order, the parties shall meet and confer and file a joint plan regarding 23(c)(2)(B) class notice.

**IT IS SO ORDERED.**

Dated: February 23, 2012                                   /s/ Greg Kays
                                                          GREG KAYS/
                                                          UNITED STATES DISTRICT JUDGE