IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JADE MCCLEAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 11-03037-CV-S-DGK |
| | ) | |
| HEALTH SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ENFORCING SETTLEMENT

This case arises from Plaintiffs' allegations that Defendant Health Systems, Inc. ("Health Systems"), which manages sixty Missouri nursing home facilities, unlawfully withheld wages from hourly, nonexempt employees in violation of the Fair Labor Standards Act ("FLSA"). Pending before the Court is Plaintiffs' "Motion for Order to Enforce Parties' Settlement Agreement" (Doc. 216) and Defendants' opposition (Doc. 218).

On February 6, 2013, the Court held a hearing regarding the motion to enforce at which the parties presented evidence and arguments.[1] Having fully considered the parties' evidence, oral arguments, and written motions, the Court finds that the parties have reached an agreement on all material terms of the settlement. Accordingly, the Court grants Plaintiffs' motion.

**Background**

On July 23, 2012, Plaintiffs' counsel notified the Court that the case had settled (Doc. 209). On August 20, 2012, the parties filed a joint status report informing the Court that the parties had agreed to settle the case in July 2012 and were working on finalizing the settlement papers (Doc. 210). For the next two months, from September 13, 2012 through November 13,

---

[1] Because counsel for Defendants participated in the hearing via telephone conference, the Court permitted Defendants to submit their evidence through ECF (Doc. 228) and then allowed Plaintiffs to respond (Doc. 229). The Court has fully considered this evidence and argument in rendering its decision.

2012, although Plaintiffs continued to inform the Court that the case had settled, Defendants failed to respond to the Court's request for a status update. On November 13, 2012, Defendants informed the Court that settlement negotiations had "reached an impasse." Defendants now dispute that a settlement was ever reached. Specifically, Defendants argue that there are still three main issues in dispute.

## Standard

A district court possesses the inherent power to enforce a settlement agreement where the terms are unambiguous. *Barry v. Barry,* 172 F.3d 1011, 1013 (8th Cir. 1999). It is well established that settlement agreements are governed by principles of contract law. *MLF Realty L.P. v. Rochester Ass'n,* 92 F.3d 752, 756 (8th Cir. 1996). "In order for a settlement agreement to be enforceable, the parties must have reached agreement on the essential terms of the deal." *Seaton v. Freeman Health Sys.*, 05-5047-CV-SW-FJG, 2006 WL 3360386, at *2 (W.D. Mo. Nov. 20, 2006) (citing *Sheng v. Starkey Labs.*, 117 F. 3d 1081, 1083 (8th Cir. 1997)). A party's purported mistake of law has no impact on an agreement's enforceability. *See, e.g.*, *Thompson v. Volini*, 849 S.W.2d 48, 50-51 (Mo. App. W.D. 1993) (citing *Hysinger v. Heeney*, 785 S.W.2d 619, 624 (Mo. App. 1990)).

### A. Virtual Fund and Attorneys' Fees

Defendants' first area of purported disagreement involves the establishment of a virtual fund. Defendants claim Plaintiffs requested a virtual fund of $6 million out of which Defendants would make payments in accordance with the settlement agreement. Defendants deny that they agreed to a virtual fund. Defendants also submit that the Court should calculate Plaintiffs' attorneys' fees using the "lodestar" method.

Plaintiffs do not oppose either of these requests. Plaintiffs report that they have abandoned their request for a virtual fund, and they do not object to use of the "lodestar" method to calculate attorneys' fees (Doc. 227, at 6). This issue is, therefore, moot.

### B. Proposed Notice

Second, Defendants object to Plaintiffs' proposed form of notice which would require a third party administrator to calculate the amount each class member would receive and include that amount in the notice sent to class members. Rather, Defendants seek notice whereby each class member who wishes to opt-in to the collective action should contact the third party administrator after receiving the settlement notice to determine the amount they are entitled to receive.[2]

The Court holds that this issue is not material to the parties' settlement agreement because the Court, not the parties, is responsible for determining what notice is "the best notice practicable under the circumstances" as required by the FLSA. Thus, regardless of what the parties' propose, the Court will be the ultimate decision-maker. Because this issue is not material to the parties' settlement, disagreement on this issue does not preclude the Court from finding that an agreement was reached between the parties.

### C. Release of Claims

Finally, Defendants argue that the parties never agreed on the scope of release for class and collective action members. Defendants contend that their understanding of the settlement was that all collective action members would release their claims unless they opt-out of the

---

[2] Plaintiffs claim that according to the class administrator, it would be $97,000 more costly to require individual class members to individually request their amounts due than to calculate each class members' damages and inform them in the notice.

action. Plaintiffs claim that only collective action members who submit an FLSA claim will release their FLSA collective action claims against Defendants.[3]

As a preliminary matter, Defendants' proposed settlement provision—requiring that all collective action members who fail to opt-out of the collective action release their claims—is not legal under the FLSA. Rule 23 opt-out procedures are insufficient to extinguish FLSA claims of eligible employees.[4] *See Donatti v. Charter Commc'ns, L.L.C.*, 11-4166-CV-C-MJW, 2012 WL 5207585, at *2-3 (W.D. Mo. Oct. 22, 2012). Under FLSA § 216(b): "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* If an employee does not become a plaintiff, she is not bound by a subsequent judgment. *See Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005).

Defendants' mistake of law on this legal point does not preclude a settlement agreement between the parties. Defendants claim that the only reason they agreed to the settlement was because they believed it involved a full and all-encompassing release of claims against all individuals who did not opt-out of the action. Defendants further claim that they were unaware that only individuals who opted-in to the FLSA case could release their claims. As a threshold matter, the Court finds this difficult to believe. Mr. Hinkle attended the mediation on behalf of Defendants, accompanied by Defendants' attorney, Brian McGovern. At that time, counsel either knew or should have known that under the FLSA, individuals who did not opt-in would not release their claims.

---

[3] Mr. Hinkle claims he became aware of the release issue on approximately August 23, 2012. However, Defendants did not object to Plaintiffs' September 10, 2012 status update (Doc. 211) informing the Court that the case had settled. It was not until November 13, 2012 (Doc. 214) that Defendants informed the Court that settlement negotiations had failed.

[4] Defendants' counsel admitted during the February 6, 2013 hearing that individuals cannot release their claims under the FLSA unless they opt-in to the collective action (Doc. 227, at 11).

However, assuming for the sake of argument that Defendants were mistaken, this has no impact on the agreement's enforceability. *See, e.g.*, *Thompson*, 849 S.W.2d at 50-51. Defendants agreed to settle the case, including the FLSA and Rule 23 claims, during their mediation. That Defendants now maintain that they were unaware of the FLSA's opt-in requirement does not allow them to undo a settlement that they voluntarily entered.

## Conclusion

The Court finds the parties have reached an agreement on all material terms of the settlement. With regard to the release of claims, the Court finds the settlement is as follows: Those who opt-in to the FLSA case will have their FLSA rights extinguished and those who do not opt-out of the Rule 23 Missouri class action case will have their Missouri wage and hour claims extinguished (Doc. 227, at 13). The parties are ordered to meet and confer regarding the proposed notice. If the parties cannot reach an agreement, each shall submit its proposed notice to the Court, and the Court will determine which notice is best practicable under the circumstances. Accordingly, Plaintiffs' motion (Doc. 216) is granted. The parties shall file their settlement agreement with the Court for approval on or before March 8, 2013.

IT IS SO ORDERED.

Date: February 15, 2013 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT